## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMONI JOHNSON, | No. 3:23-CV-00762 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| BLUE SHIRT DAVIS, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### JUNE 17, 2024

Plaintiff filed the instant action on March 7, 2023 in the Northumberland County Court of Common Pleas.[1] Defendants removed the case to this Court in May 2023,[2] and it was jointly assigned to the undersigned and to a magistrate judge.[3] Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[4] Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[5]

On May 13, 2024, Magistrate Judge Martin C. Carlson, to whom this matter is jointly assigned, issued a thorough report and recommendation recommending

---

[1]    Exhibit 1, Doc. 1-1.
[2]    Notice of Removal, Doc. 1.
[3]    Doc. Entry, June 2, 2023 (reassigning case to Magistrate Judge Martin C. Carlson).
[4]    28 U.S.C. 636(b)(1)(B).
[5]    28 U.S.C. 636(b)(1).

that Davis's motion for judgment on the pleadings[6] be granted in part and denied in part.[7]  The report and recommendation recommended granting the motion as to Johnson's claims for compensatory damages based upon emotional distress in the absence of physical injuries, but rejected it as to Johnson's claims for punitive damages.[8]

No objections to the report and recommendation have been filed. Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[9]  Questions of law, however, are reviewed de novo.[10] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the findings or recommendations made by the magistrate judge.[11]

Because the Court writes solely for the parties, it will not restate the facts, but will instead adopt the recitation of facts as set forth by Magistrate Judge Carlson. The Court has conducted a de novo review here and has found no error with respect to Magistrate Judge Carlson's recommendation on punitive damages. Magistrate Judge Carlson's recommendation on compensatory damages, however,

---

[6]   Motion for Judgment on the Pleadings, Doc. 20.
[7]   Report and Recommendations, Doc. 25.
[8]   *Id.* at 13-14.
[9]   Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).
[10]   *Plymovent Corp. v. Air Tech. Solutions, Inc.*, 243 F.R.D. 139, 141-42 (D.N.J. 2007); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).
[11]   28 U.S.C. § 636(b)(1); Local Rule 72.31.

requires a more substantive analysis because Johnson's case was removed from state court. As there appears to be no in-Circuit case law reaching this issue, this Court sets out its reasoning in some detail.

The Prison Litigation Reform Act ("PLRA") was passed in response to a perceived "sharp rise in prisoner litigation in the federal courts," and was "designed to bring this litigation under control."[12] The PLRA sets out several mechanisms designed to "filter out the bad claims and facilitate consideration of the good."[13] One such filtering mechanism is Section 1997e(e), "Limitation on recovery," which states:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.[14]

At first glance, some of Johnson's claims for damages appear to be exactly that. His complaint alleges no physical injuries, only "emotional distress, mental anguish and irreparable harm and traumatization" because of alleged First Amendment violations.[15] Accordingly, Davis moves for judgment on the pleadings regarding Johnson's claims for compensatory damages,[16] arguing that under the

---

[12] *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); 141 S. Cong. Rec. S14627 (daily ed. Sep. 29, 1995) (statement of Sen. Hatch) (referring to "flood of frivolous lawsuits brought by inmates").

[13] *Jones v. Bock*, 549 U.S. 199, 204 (2007).

[14] 42 U.S.C. § 1997e(e).

[15] Exhibit 1, Doc. 1-1 at 5-6.

[16] Motion for Judgment on the Pleadings, Doc. 20.

PLRA, "[a]bsent proof of actual injury, no compensatory damages may be awarded."[17]

Magistrate Judge Carlson agreed. He opined that "on its face the statutory text seems to bar damages claims by inmates, like Johnson," who seek compensatory damages absent an underlying physical injury.[18] The Report and Recommendations further cited to in-Circuit case law barring inmates from bringing claims for mental or emotional injury without alleging physical injury.[19]

But a thorny issue hides below the surface. As Judge Kevin Newsom has noted, "§ 1997e(e) is a tough nut to crack. Making sense of its constituent words, phrases, and clauses—trying to get them all to fit together 'just so'—is a tall order."[20] In May 2023, the United States Court of Appeals for the Eleventh Circuit considered a new issue prompted by Section 1997e(e)'s ambiguity: whether it

---

[17]   Brief in Support, Doc. 21 at 3.

[18]   Report and Recommendations, Doc. 25 at 9-10.

[19]   *Id.* at 10 (citing *Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000) ("Under § 1997e(e) . . . in order to bring a claim for mental or emotional injury suffered while in custody, a prisoner must allege physical injury."), *Doe v. Delie*, 257 F.3d 309, 314 n.3 (3d Cir. 2001) (explaining that the Third Circuit has long "recognized that § 1997e(e) prohibits compensatory damages for mental or emotional injury absent allegations of physical injury."), *and Tate v. Wiggins*, 805 F.App'x 159, 163 n.3 (3d Cir. 2020) ("A prisoner may not bring a federal civil action for damages for mental or emotional injury suffered while in custody absent a showing of physical injury.")).

[20]   *However v. Marks*, 993 F.3d 1353, 1365 (11th Cir. 2021) (Newsom, J., concurring in part and dissenting in part); *see also* Elenor M. Levine, Note, *Compensatory Damages Are Not For Everyone: Section 1997e(e) of the Prison Litigation Reform Act and the Overlooked Amendment*, 92 NOTRE DAME L. REV. 2203, 2210 (2017) ("Section 1997e(e) of the PLRA has caused considerable problems in the courts due to lack of clarity"); John Boston, *The Prison Litigation Reform Act: The New Face of Court Stripping*, 67 BROOK. L. REV. 429, 434 (2001) (explaining that Section 1997e(e) "presents the highest concentration of poor drafting in the smallest number of words in the entire United States Code.").

applies to actions originally filed in state court, but removed to federal court.[21] It

held that Section 1997e(e) does not apply in such cases, reasoning:

> We've held that "bringing" an action means "commencing" it, not
> "maintaining" it. *Maldonado v. Baker Cnty. Sheriff's Off.*, 23 F.4th
> 1299, 1304 (11th Cir. 2022). Here, Hall filed suit in state court, and
> the defendants removed the action to federal court. In other words,
> Hall didn't bring his civil action in federal court, so § 1997e(e)
> doesn't apply. The district court therefore erred in dismissing Hall's
> claims for compensatory and punitive damages pursuant to §
> 1997e(e).[22]

The Eleventh Circuit's decision in *Hall v. Merola* appears to be the first and only

appellate decision addressing this issue; the United States Court of Appeals for the

Third Circuit has not yet considered it.

Here, the cases cited by Magistrate Judge Carlson are inapposite because

none of them explicitly grappled with this issue. And while some cases within this

Circuit have applied Section 1997e(e) to actions removed from state court,[23] no

case within this Circuit appears to have directly analyzed this issue. The Court

must therefore consider whether Section 1997e(e) applies to prisoner lawsuits

commenced in state court and removed to federal court. Based on the PLRA's

language, and applicable guidance from the Third Circuit, I am persuaded that it

does not.

---

[21] *Hall v. Merola*, 67 F.4th 1282, 1297 (11th Cir. 2023).

[22] *Id.* at 1297.

[23] *See, e.g.*, *Negrete v. New Jersey*, Civ. No. 19-18480(GC)(DEA), 2022 U.S. Dist. LEXIS
214995, at *11, 40 (D.N.J. Nov. 29, 2022).

As with any statute, the Court starts with the text. Section 1997e(e) poses two interpretive issues: what is a "Federal civil action," and when is it brought?

There are two potential readings of "Federal civil action." First, a "civil action" could be "Federal" simply because it is in federal court. Second, a "civil action" could be "Federal" because it involves federal claims.[24] *Hall* sets forth the correct interpretation. In interpreting what a "Federal civil action" is "we readily presume that Congress knows the settled legal definition of the words it uses, and uses them in the settled sense."[25] Black's Law Dictionary defines an "action" as "[a] civil or criminal judicial *proceeding*,"[26] and thereby refers to the "judicial . . . lawsuit" rather than the underlying claims.[27] The term "civil action" is a term of art

---

[24] *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (citing *Harris v. Garner*, 216 F.3d 970, 935 (11th Cir. 2000)) ("In *Harris II*, this Court interpreted the phrase 'no Federal civil action' to include any type of federal claim . . . § 1997e(e) does not apply to prisoner lawsuits unrelated to prison conditions filed in state court based solely on state law and removed by defendants to federal court based on diversity jurisdiction."); *Maldonado*, 23 F.4th at 1304 (citing *Mitchell*); JOHN BOSTON & DANIEL E. MANVILLE, PRISONERS' SELF-HELP LIT. MAN. 2.9.E (4th ed. 2010) (discussing the implication of *Harris* and *Mitchell* but opining that Section 1997e(e) should not apply to actions removed from state court). *See also Bromell v. Idaho Dep't of Corr.*, No. CIV-0-197, 2006 U.S. Dist. LEXIS 80804, at *14 (D. Id. Oct. 31, 2006) (holding that Section 1997e(e) does not apply to state law claims filed in federal court); *Albrecht v. Williams*, Civ. A. No. 04-1895, 2009 U.S. Dist. LEXIS 95070, at *27 (D.N.J. Oct. 13, 2009) (Bongiovanni, M.J.) (doubting that Section 1997e(e) applies to state law claims); *Mercado v. McCarthy*, Civ. A. No. 05-12124, 2009 U.S. Dist. LEXIS 24320, at *2 (D. Mass. Mar. 25, 2009) (same).

[25] *Maldonado*, 23 F.4th at 1305; *see also United States v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 159 (3d Cir. 2003) (explaining that the term "commence" is "read properly to incorporate a term embedded with such legal significance") *Comm'r v. Keystone Consol. Indus. Inc.*, 508 U.S. 152, 159 (1993) (Congress presumed to know settled meaning of terms it uses).

[26] *Action*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[27] *Civil Proceeding*, BLACK'S LAW DICTIONARY (11th ed. 2019).

with only one meaning, also expressed in the Federal Rules of Civil Procedure.[28] The Federal Rules of Civil Procedure refer to "the civil action" as the "one form of action,"[29] which is "commenced by filing a complaint with the court."[30]

In contrast, a "cause of action" is "[a] legal theory of a lawsuit."[31] Likewise, a "claim" is "the assertion of an existing right," or "a demand for money, property, or a legal remedy; esp[ecially], the part of a complaint in a civil action specifying what relief the plaintiff asks for."[32] Congress did not refer to a "Federal civil cause of action" or a "Federal civil claim," and if it meant to, it would have.

No in-Circuit case law reaches the specific issue of applying Section 1997e(e)'s "Federal civil action" language to cases removed from state court. However, one in-Circuit decision holding that Section 1997e(e) applies to state law claims in a federal action referred to Black's Law Dictionary to explain that "[t]he definition of the word 'action' is distinct from that of a 'claim.'"[33] That decision concluded that "the statutory language of § 1997e(e), "federal civil action," is not ambiguous; it includes all claims in the action over which the federal court has

---

[28] *See $8,221,877.16 in United States Currency*, 330 F.3d at 159 (interpreting the word "commence" in the federal forfeiture statute and explaining that "the word 'commence' is a term of art with only one ambiguous meaning, expressed in Federal Rule of Civil Procedure 3.").

[29] Fed. R. Civ. P. 2.

[30] Fed. R. Civ. P. 3.

[31] *Cause of Action*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[32] *Claim*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[33] *Jacobs v. Pa. Dep't of Corr.*, No. 04-1366, 2011 U.S. Dist. LEXIS 60869, at *77 (W.D. Pa. June 7, 2011)

jurisdiction."[34]   Though the case did not involve an action originally filed in state court, it implicitly supports this Court's reading of a "Federal civil action" to refer to an "action" rather than a "claim," as those terms are conventionally understood.[35] And this supports the proposition that any civil action in state court, even one involving federal claims, is not a "Federal civil action" at the time it is brought.

The only case outside of the Eleventh Circuit that is directly on point interprets this phrase differently. In *Vanvalkenburg v. Oregon Department of Corrections*, the United States District Court for the District of Oregon held that "the 'Federal civil action' language in 1997e(e) can be read as shorthand for the [] language in 1997e(a)," which references actions brought under Section 1983 or other federal law.[36] In this Court's view, however, the structure of Section 1997e supports this Court's interpretation rather than undermining it. Section 1997e(a) prohibits prisoner litigation in cases where administrative remedies are not exhausted, stating:

---

[34]  *Id.* at *76-80; *see also Poe v. Cnty. of Ogemaw*, Case No. 19-10008, 2019 U.S. Dist. LEXIS 228451, at *38-39 (E.D. Mi. Oct. 17, 2019) (Morris, M.J.); *Weeks v. Grady*, Civil Action No. 1:18-CV-1373-SDG-JKL, 2019 U.S. Dist. LEXIS 234926, at *18-19 (N.D. Ga. Sep. 26, 2019).

[35]  The *Jacobs* court distinguished its rationale from the Eleventh Circuit's ruling in *Mitchell* by stating that "Jacobs filed a federal civil action, including federal and state law claims in the action." *Jacobs*, 2011 U.S. Dist. LEXIS 60869, at *79-80. But by premising its rationale on the distinction between an "action" and a "claim," *Jacobs*' rationale nevertheless supports this Court's interpretation.

[36]  No. 3:14-cv-00916-BR, 2016 U.S. Dist. LEXIS 58438, at *35-36 (D. Or. May 2, 2016), *criticized by Jackson v. Fong*, 870 F.3d 928, 935 (9th Cir. 2017).

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.[37]

Comparing Sections 1997e(a) and 1997e(e) demonstrates Congress's understanding of the difference between an "action" and a "cause of action." "[W]here the document has used one term in one place, and a materially different term in another, the presumption is that the different term denotes a different idea."[38] When referring to the relevant cause of action or claim, Section 1997e(a) does not refer to a "Federal civil action" but rather more explicitly refers to "action[s]" "brought with respect to prison conditions under [Section 1983], or any other Federal law."[39] It stands to reason that if Section 1997e's drafters had meant Section 1997e(e) to apply to Federal causes of action or claims filed by prisoners regardless of what forum the claims were "brought" in, they would have used the same language they used in the preceding subsection, and more explicitly stated that Section 1997e(e) applies to actions brought "under [Section 1983], or any other Federal law."[40] This, together with Congress's use of the term "action," supports the conclusion that a "Federal civil action" is an action, involving claims of any kind, in federal court.

---

[37]  42 U.S.C. § 1997e(a).
[38]  ANTONIN SCALIA & BRYAN GARNER, READING LAW 147 (2014).
[39]  42 U.S.C. § 1997e(a).
[40]  *Id.*

Having clarified the meaning of "Federal civil action," *Hall*'s holding that Section 1997e(e) is only triggered when the prisoner initiates the lawsuit in federal court is persuasive. Section 1997e(e) limits recovery for "Federal civil actions" "brought by a prisoner confined in a jail, prison, or other correctional facility."[41] Black's Law Dictionary defines the phrase "bring an action" as "[t]o sue;" or "institute legal proceedings."[42] Because this use of the word "brought" is causal in nature, it is not continuous or ongoing; the temporal reference point for the verb "brought" is the time of the plaintiff-prisoner's filing and no time thereafter.[43] "If you bring something somewhere, you move it there."[44] Federal case law from the Supreme Court of the United States interpreting where a case "might have been brought" under the prior version of the federal transfer statute, 28 U.S.C. § 1404, has reached a similar conclusion.[45] Under this reading, the question is whether the plaintiff-prisoner's initial filing caused the case to be in federal court. Johnson "brought" a state civil action, but he never "brought" a federal civil action because

---

[41]   *Id.*

[42]   *Bring an Action*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[43]   *See* BRING, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/bring ("To cause to exist or occur"); OXFORD DICTIONARY

[44]   BRING,                                   COLLINSDICTIONARY.COM, https://www.collinsdictionary.com/us/dictionary/english/bring.

[45]   *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (quoting *Paramount Pictures, Inc. v. Rodney*, 186 F.2d 111 (3d Cir. 1950) (Hastie, J., Dissenting)) ("In the normal meaning of words this language of Section 1404(a) directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted."); *see also Masterpiece Productions, Inc. v. United Artists Corp.*, 90 F.Supp. 750 (E.D. Pa. 1950) (citing *Goldenburg v. Murphy*, 108 U.S. 162, 163 (1883)) (explaining, when ruling upon where a case "might have been brought" under the federal change of venue statute, 28 U.S.C. § 1404, that as "the words 'brought' and 'commence' are synonymous," "[a] suit is brought when it is commenced, and a suit is commenced by filing a complaint with the court").

the Government's removal, not his filing, caused the civil action to come into federal court.

While case law on this aspect of Section 1997e(e) is scarce, the Third Circuit has frequently interpreted PLRA Sections 1915(g), 1997e(a), and 1997e(e) in tandem where their language coincides. Case law on the identical use of the term "brought an action" in Sections 1915(g), 1997e(a), and 1997e(e) is therefore instructive.

First, Third Circuit case law interpreting similar language in another section of the PLRA—28 U.S.C. § 1915(g), the so-called "three-strikes rule"—supports this reading.[46] Section 1915(g) provides that a prisoner cannot proceed in forma pauperis if, "on 3 or more prior occasions, while incarcerated or detained in any facility," the prisoner has "brought an action or appeal in a court of the United States that was dismissed" on various specified grounds, such as frivolousness.[47] The Third Circuit has referred to Black's Law Dictionary to conclude that "in the context of filing a civil action [under Section 1915(g)], 'bring' ordinarily refers to the 'initiation of legal proceedings in a suit,'"[48] and so "the word 'bring' in [the context of §1915(g)] plainly refers to the time when the civil action is initiated."[49]

---

[46]  *See Brown v. Sage*, 941 F.3d 655, 663-64 (3d Cir. 2019) (looking to cases interpreting the word "brought" in Section 1997e(a) for guidance in interpreting the word "brought" in Section 1915(g)).

[47]  28 U.S.C. § 1915(g).

[48]  *Gibbs v. Ryan*, 160 F.3d 160, 162 (3d Cir. 1998).

[49]  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001).

In *Brown v. Sage*,[50] the Third Circuit, sitting en banc, looked beyond Black's Law Dictionary when further interpreting the PLRA's "three-strikes rule,"[51] finding "brought an action" to be broader than "commencing an action" because of Section 1915(g)'s purpose and the PLRA's structure.[52] The *Sage* court held that a prisoner has "'brought an action' when he tenders or submits his complaint to the court," even if that complaint is rejected without being filed and the action is never 'commenced.'"[53] The unanimous en banc panel's discussion of the term "brought" in the PLRA is instructive when considering Section 1997e(e):

> Our reasoning is bolstered by the statute's specific use of the word "brought," as opposed to "commenced" or "filed." The verb "brought" – whose subject in § 1915(g) is "the prisoner" – "properly focuses attention on what the prisoner-plaintiff does." *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). And what the prisoner-plaintiff does is tender or submit a complaint and request to proceed [in forma pauperis]. By contrast, "filing" and "commencement" involve court action.[54]

The Third Circuit—alongside the Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits—has therefore concluded that a prisoner cannot incur a strike under Section 1915(g) if he files his action in state court and the Government chooses to

---

50   941 F.3d 655 (3d Cir. 2019) (en banc) (12-0).

51   *See id.* at 661 ("[W]hen has a prisoner 'brought an action or appeal in a court of the United States? Just considering that phrase in isolation will not get us very far . . . . [A]s the most recent of Black's Law Dictionary puts it, 'bring an action' means '[t]o sue' or 'institute legal proceedings.' . . . . But those words – initiate, sue, institute – are broad . . . . Instead of 'squinting myopically' at the phrase brought an action, we must widen our lens.").

52   *Id.*

53   *Sage*, 941 F.3d at 661.

54   *Id.* at 662.

remove that suit to Federal court, because he never "brought" his action in federal court.[55]

    *Sage*'s rationale applies equally to Section 1997e(e). First, Section 1997e(e), like Section 1915(g), also uses the word "brought," the subject of which is the "prisoner:" "no Federal civil action may be brought by a prisoner."[56] Just like Section 1915(g), Section 1997e(e) therefore "properly focuses attention on what the prisoner-plaintiff does."[57] And, as is equally true with regard to both Section 1915(g) and 1997e(e), when a case is removed from state court, it is the Government, not the prisoner-plaintiff, who is responsible for bringing the action into Federal court.[58]

    This construction is also consistent with Third Circuit precedent concerning Section 1997e(a). Like Section 1997e(e), Section 1997e(a) sets out a filtering requirement—here, exhaustion of administrative remedies—which applies to actions "brought . . . by a prisoner confined in any jail, prison, or other correctional facility."[59] In *Ghana v. Holland*, the Third Circuit held that Section 1997e(a) did not apply retroactively and noted that "§ 1997e(a) does not use language – such as

---

[55] *Dooley v. Wetzel*, 957 F.3d 366, 37 n.9 (3d Cir. 2020); *Mitchell v. Goings*, 37 F.4th 169, 172-73 (5th Cir. 2022); *Hill v. Madison Cnty.*, 983 F.3d 904, 907-08 (7th Cir. 2020); *Harris v. Mangum*, 863 F.3d 1133, 1140-41 (9th Cir. 2017); *Woodson v. McCollum*, 875 F.3d 1304, 1307 (10th Cir. 2017); *Maldonado*, 23 F.4th at 1304-07. *See also* 1 MOORE'S FEDERAL PRACTICE – CIVIL § 4.40[2][b][i][A].

[56] 42 U.S.C. § 1997e(e).

[57] *Sage*, 941 F.3d at 662 (quoting *Vaden*, 449 F.3d at 1050).

[58] *See* 28 U.S.C. § 1441(a).

[59] 42 U.S.C. § 1997e(a).

'no action shall be maintained' – that might plausibly be interpreted to apply to pending cases."[60]

Although the Third Circuit recently cast doubt upon the Eleventh Circuit's understanding of Section 1997e(e) in *Garrett v. Wexford Health*,[61] *Garrett* is not inconsistent with following *Hall* on this point. The relevant issue in *Garrett* was Section 1997e(a)'s specification that it only applies to actions brought "by a prisoner confined in any jail, prison, or other correctional facility."[62] In *Garrett*, the Third Circuit considered the Eleventh Circuit's interpretation of 1997e(e) in *Harris v. Garner*, which held that because "the PLRA's '[n]o . . . action may be brought' language refers specifically and exclusively to the initial commencement of the lawsuit,"[63] "the confinement status of the plaintiffs at any time after the lawsuit is filed is beside the point."[64] So under *Harris*, a prisoner is subject to the filtering requirements in Sections 1997e(a) and 1997e(e) even if he amends his complaint post-release.

The Third Circuit rejected *Harris* and held that Section 1997e(a)'s exhaustion requirement did not apply to a plaintiff-prisoner who amended his complaint after being released from prison.[65] According to the *Garrett* court, the

---

[60] 226 F.3d 175, 182 (3d Cir. 2000); *see also Gibbs*, 160 F.3d at 162 (applying the same analysis to section 1915(g)).

[61] 938 F.3d 69 (3d Cir. 2019).

[62] 42 U.S.C. § 1997e(a).

[63] *Garrett*, 938 F.3d at 90 (summarizing *Harris*, 216 F.3d at 970).

[64] *Harris*, 216 F.3d at 981.

[65] *Garrett*, 938 F.3d at 90.

Supreme Court of the United States' holding in *Jones v. Bock* teaches that "the usual procedural rules apply to PLRA cases unless the PLRA specifies otherwise."[66] *Garrett* held that the Section 1997e(a) and 1997e(e)'s "no action shall be brought" language is "boilerplate language" which does not displace "the usual operation of [Federal] Rule [of Civil Procedure] 15" allowing a party to cure a pleading defect through amended pleadings. The result was that the "initial filing defect" of the plaintiff's incarceration status could be cured in this case through an amended pleading.[67]

This careful parsing of *Garrett*'s rationale demonstrates why the Third Circuit's rejection of *Harris* on other grounds is consistent with this Court's reading of Section 1997e(e). First, reading Section 1997e(e) as being triggered by the prisoner's act of initiating the lawsuit, and thereby not applying to actions removed from state court, does not mandate *Harris*'s further holding that a prisoner cannot cure his deficiency by amending the complaint post-release. The concurring opinion to *Harris* noted just that.[68] Second, *Garrett* only counsels caution when the PLRA would displace ordinary rules of federal pleading. This Court's reading of Section 1997e(e) does no such thing; it only affirms the

---

[66]   *Id.* at 87 ("*Bock* teaches, then, that the usual procedural rules apply to PLRA cases unless the PLRA specifies otherwise.").

[67]   *Id.* at 91.

[68]   *Harris*, 216 F.3d at 986 (Anderson, J., Concurring) ("I agree with the dissent that Fed.R.Civ.P. 15(d) would provide some discretion in a district judge to entertain a supplemental pleading setting forth the fact of a prisoner's release").

commonsense understanding that "[a] civil action is commenced by filing a complaint with the court,"[69] and that a complaint continues to be the "operative pleading," even after removal, until it is amended.[70] Third, as explained above, Third Circuit case law supports reading the term "brought" in the PLRA to refer to the prisoner's conduct, and it is the Government, not the prisoner, who chooses to bring a removed case into federal court.

Despite this plain reading of Section 1997e(e), as well as the guidance provided by case law interpreting similar language, the District of Oregon in *Vanvalkenburg* reached a different outcome due to policy concerns. According to that decision:

> [I]f § 1997e(e) permitted prisoners to bring federal-law claims for emotional-distress damages in state court without any showing of physical injury, the legislative purpose would be frustrated because, as in this case, any such claim ultimately could be removed to federal court under 28 U.S.C. § 1331. There is not any indication in the statute or the legislative history that Congress intended to close the front door to federal court for such claims while leaving the back door open.[71]

Even looking to policy, the result of this Court's ruling is not as absurd as *Vanvalkenburg* suggests. The mental or emotional injury recovery limitations in Section 1997e(e) are a kind of damages viewed by Congress as particularly

---

[69] Fed. R. Civ. P. 3.

[70] *See Garrett*, 938 F.3d at 82 ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity . . . [T]he most recently filed amended complaint becomes the operative pleading.").

[71] *Vanvalkenburg*, 2016 U.S. Dist. LEXIS 58438, at *36.

vulnerable to buttressing frivolous and abusive prisoner litigation.[72] It was Congress's view that limiting such claims to cases involving "physical injury" would result in "fewer and better prisoner suits" by "filter[ing] out the bad claims and facilitat[ing] consideration of the good."[73] However, Congress was most concerned with the costs imposed by "malicious" and "frivolous" prisoner litigation on the *federal* judicial system, and it therefore designed a system around deterrence.[74]

One purpose of the PLRA's filtering mechanisms was to filter such claims out of federal court by making prisoners "think hard before involving *federal* courts in their grievances."[75] So when the prisoner has chosen to involve federal courts in his grievance, "he must abide by that choice."[76] Section 1997e(e) is not unique in this regard. As demonstrated by Section 1915(g)'s "three-strikes rule," and 1997e(a)'s exhaustion requirements which apply only if the prisoner is

---

[72] *Mitchell v. Horn*, 318 F.3d 523, 535 (3d Cir. 2003) (quoting *Dawes v. Walker*, 239 F.3d 489, 496 (2d Cir. 2001) (In enacting Section 1997e(e), Congress intended "to curtail frivolous and abusive prison litigation," and noted that 'unlike physical injuries, emotional injuries are inherently difficult to verify and therefore tend to be concocted for frivolous suits."); 141 Cong. Rec. S.7525 (daily ed. May 25, 1995) (statement of Senator Dole).

[73] *Bock*, 549 U.S. at 203.

[74] *See, e.g.*, 141 S. Cong. Rec. S14627 (daily ed. Sep. 29, 1995) (statement of Sen. Hatch) ("Indeed, I do not want to prevent inmates from raising legitimate claims. This legislation will not prevent those claims from being raised. The legislation will, however, go far in preventing inmates from abusing the *Federal* judicial system.") (emphasis added); *Prison Reform: Enhancing the Effectiveness of Incarceration: Hearing before the Comm. on the Judiciary*,104th Cong. 2-3 (July 27, 1995) (statement of Sen. Hatch) (calling attention to cost of frivolous filings in federal courts).

[75] *Mitchell*, 37 F.4th at 169 (emphasis added).

[76] *Jacobs*, 2011 U.S. Dist. LEXIS 60869, at *23.

incarcerated at the time of filing,[77] a common feature of the PLRA's deterrence scheme is to trigger stringent filtering requirements based upon the prisoner's conduct at the time he files his case. Removal is not an open "back door" for inmates because it is the Government, as the defendant, who initiates that process. Where the Government has chosen to remove the prisoner's case, the prisoner has no responsibility for bringing the suit to federal court.

More important than conjecture about the PLRA's intended policy outcomes, however, is the plain meaning of its text. The Supreme Court of the United States has warned against twisting the PLRA's interpretation under the guise of similar "perceived policy concerns."[78] This Court certainly understands the intuitive appeal of *Vanvalkenburg*'s rationale. But words have meaning. "[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others . . . a legislature says in a statute what it means and means in a statute what it says. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'"[79] So, if Section 1997e(e) did in fact

---

[77] *See, e.g.*, *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (exhaustion requirements set out in Section 1997e(a) only apply if plaintiff is a prisoner at the time of filing; Section 1997e(a) is inapplicable to plaintiffs who wait to file until after release).

[78] *See Garrett*, 938 F.3d at 87 (quoting *Bock*, 549 U.S. at 224 (9-0)); *see also Murphy v. Millenium Radio Grp. LLC*, 650 F.3d 295, 302 (3d Cir. 2011) ("Where the text of a statute is unambiguous, the statute should be enforced as written and only the most extraordinary showing of contrary intentions in the legislative history will justify a departure from that language.").

[79] *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (internal citations omitted); *see also* Amy Coney Barrett, *Substantive Canons and Faithful Agency*, 90 B.U. L. REV. 109, 164 (2010) ("The bedrock principle of textualism . . . is its insistence that federal courts

"leav[e] the back door open," it is the task of Congress, not this Court, to close it. "Judges interpret laws rather than reconstruct legislators' intentions. Where the language of those laws is clear, we are not free to replace it with an unenacted legislative intent."[80]

In sum, the plain meaning of Section 1997e(e) indicates that it does not apply to actions removed from state court. Though little precedent is directly on point, case law interpreting Section 1997e(e) in other contexts, as well as case law interpreting Sections 1915(g) and 1997e(a)'s identical usage of the term "brought," commands this conclusion. Interpreting 1997e(e) in this way is neither inconsistent with the PLRA's overarching policy aims nor unique in its statutory design of prisoner litigation filtering requirements. To the extent any inconsistency exists, it is Congress's task to fix it. Accordingly, this Court holds that Section 1997e(e)'s limitation on recovery does not apply to actions removed from state court.[81] Magistrate Judge Carlson's recommendation that Johnson's compensatory damages claims be dismissed is therefore rejected.

---

cannot contradict the plain language of a statute"); John F. Manning, *Second-Generation Textualism*, 98 CALIF. L. REV. 1287, 1309-10 (2010) (describing "defining feature of 'second generation textualism'" as the "proposition that courts must respect the terms of an enacted text when its semantic meaning is clear, even if it seems contrary to the statute's apparent overall purpose").

[80] *INS v. Cardozo-Fonseca*, 480 U.S. 421, 452-53 (1987) (Scalia, J., Concurring).

[81] In tandem with the Third Circuit's decision in *Sage*, this Court's ruling raises questions as to whether a prisoner-plaintiff triggers Section 1997e(e) by amending his complaint after removal. But the Court need not reach this issue today.

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge